# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5121**

**September Term, 2023**

**1:18-cv-00611-JMC**

**Filed On:** May 2, 2024

Marne K. Mitskog,

      Appellant

    v.

United States Department of Justice, et al.,

      Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Rao, Walker, and Garcia, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order entered May 12, 2023 be affirmed. Appellant has not argued that the district court erred in dismissing her Privacy Act claims against the individual defendants, and she thus has forfeited any such argument. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived."). Additionally, the district court correctly concluded that appellant's Privacy Act claims against the agency defendants are time-barred. Appellant's claims arose in 2013, when she became aware of the agencies' actions regarding her records, and she did not file suit until 2018, well past the expiration of the two-year limitations period for Privacy Act claims. See 5 U.S.C. § 552a(g)(5). Appellant asserts as a general proposition that equitable tolling applies in Privacy Act cases, but she has not sufficiently raised any argument that "despite all due

diligence," she was "unable to obtain vital information bearing on the existence of [her] claim," see Chung v. Dep't of Justice, 333 F.3d 273, 278-79 (D.C. Cir. 2003) (citation omitted), or that a fear of retaliation warrants equitable tolling in this case. Accordingly, she has forfeited any such arguments. See Al-Tamimi v. Adelson, 916 F.3d 1, 6 (D.C. Cir. 2019) ("Mentioning an argument in the most skeletal way . . . is tantamount to failing to raise it.") (internal quotation marks omitted); Twin Rivers Paper Co. LLC v. SEC, 934 F.3d 607, 615 (D.C. Cir. 2019) ("[A]n argument is forfeited if the petitioners were obscure on the issue in their opening brief and only warmed to the issue in their reply brief.") (internal quotation marks omitted).

The district court also correctly dismissed appellant's claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). "[T]here is no Bivens action for First Amendment retaliation." Egbert v. Boule, 596 U.S. 482, 499 (2022).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**